No. 39,705

DUANE AUBREY WINTERS, doing business as D. A. WINTERS COMPANY, *Appellant*, v. THE STATE DIRECTOR OF ALCOHOLIC BEVERAGE CONTROL, and THE STATE ALCOHOLIC BEVERAGE CONTROL BOARD OF REVIEW, *Appellees.*

(280 P. 2d 245)

Opinion filed March 5, 1955.

*Pat Warnick,* of Wichita, argued the cause, and *Henry E. Martz* and *Alan B. Phares,* both of Wichita, and *Mark Bennett,* of Topeka, were with him on the briefs for the appellant.

*C. C. Linley* and *Rex L. Culley,* both of Topeka, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This appeal is from an order of the district court of Shawnee County dismissing an appeal from a decision of the State Alcoholic Beverage Control Board of Review which affirmed an order of the State Director of Alcoholic Beverage Control suspending licenses issued to a distributor.

The precise question involved will become apparent as the facts are developed.

Appellant Winters is an individual doing business as the D. A. Winters Company, and is a wholesale distributor of alcoholic liquor. He is the owner and operator of four separate and distinct liquor distributor businesses in Kansas, they being located in Reno, Sedgwick, Cowley and Shawnee counties. Each of these establishments operates under a separate and distinct license, as provided by law.

On June 17, 1954, the State Director of Alcoholic Beverage Control (hereafter referred to as the director) issued a citation directing Winters to appear before such official on July 14, 1954, to show cause why the license issued to him for his Reno County place of business should not be suspended or revoked because of alleged violations of law by an employee of the business being

operated under the Reno County license. We are not here concerned with the alleged violations.

On July 20, 1954, following a hearing, the director issued an order suspending the Reno County license for a period of ninety days. The order also suspended, for the same period of time, the licenses held by Winters for the operation of his other three establishments in Sedgwick, Cowley and Shawnee Counties, under the authority of G. S. 1953 Supp. 41-320, which will be noted later.

From this order Winters appealed to the State Alcoholic Beverage Control Board of Review, and on September 3, 1954, that body affirmed the ruling and decision of the director.

Winters promptly appealed to the district court of Shawnee County from the decision of the board of review, and at the same time filed a motion in that court to stay the operation of the suspension order pending a final decision on the appeal.

He also appealed to the district court of Reno County from the decision of the board of review insofar as the decision related to the suspension of the Reno County license. At the same time he also filed in that court a motion to stay the suspension order pending a final decision on the Reno County appeal.

We are advised by the parties that Winters also filed appeals in the district courts of Sedgwick and Cowley Counties.

On September 15, 1954, the district court of Reno County granted the application for a stay, and by its order stayed the suspension order as it applied to the four businesses located in the four separate counties, and which, as heretofore stated, were operating under separate and distinct licenses.

On September 16, 1954, the director filed a motion in the district court of Shawnee County to dismiss the appeal pending in that court on the grounds that the court did not have jurisdiction of the subject matter involved; that another action between the same parties, for the same relief, was pending in the district court of Reno County; that the latter court had exclusive jurisdiction to hear and determine the matter, and that all questions attempted to be raised in the Shawnee County appeal were moot.

This motion to dismiss the appeal filed in Shawnee County was sustained, and from such ruling Winters has appealed to this court.

Briefly, we therefore have this situation:

Winters operated liquor distributorships in four different counties. Each place of business was operated under a separate and distinct

license.  Because of violations of the license issued to the establishment in Reno County *that* license was suspended for a period of ninety days, and pursuant to G. S. 1953 Supp. 41-320, the licenses issued for the establishments in Sedgwick, Cowley and Shawnee Counties were likewise suspended.  Appeals were taken to the district courts of the four counties involved.  The district court of Reno County granted a stay of the suspension order as it applied to each of the four establishments until final determination of the Reno County appeal.  On the following day the district court of Shawnee County dismissed the appeal pending before it.  We are advised the basis of the court's dismissal order was that it had no jurisdiction of the subject matter.

The appeal in Reno County is still pending.

The authority of the director to suspend the licenses issued to the establishments in Sedgwick, Cowley and Shawnee Counties is found in G. S. 1953 Supp. 41-320, pertinent portions of which read:

"All proceedings for the suspension and revocation of licenses of manufacturers, distributors, retailers, and nonbeverage users, shall be before the director, and the proceedings shall be in accordance with rules and regulations which shall be established by the director not inconsistent with law.  No such license shall be so suspended or revoked except after a hearing by the director with reasonable notice to the licensee and an opportunity to appear and defend: *Provided,* That when proceedings for the suspension or revocation of a distributor's license are filed and said distributor has been issued more than one license for distributing places of business in this state, any order of the director suspending or revoking the license at any one place of business shall suspend or revoke all licenses issued to any such distributor:  . . ."

The pertinent portion of the appeal statute, G. S. 1949, 41-323, reads:

"Within thirty (30) days after the mailing of the opinion, decision and order of the board, the director or the applicant or licensee, if dissatisfied with the decision of the board, may appeal to the district court of the county in which the premises licensed or sought to be licensed are located.  . . ."

Appellant Winters frankly concedes that in view of the order suspending the license in each of the four counties, and being uncertain as to the meaning of the portion of the appeal statute above quoted, he filed an appeal in each of the four counties in order fully to protect himself and his business.  He contends that under the appeal statute the only court having jurisdiction of an appeal from the order suspending the Shawnee County license is the district court of that county.

On the other hand, the director contends that under the provisions of G. S. 1953 Supp. 41-320, *supra,* the licenses for the establishments in Sedgwick, Cowley and Shawnee Counties were automatically suspended when the one issued in Reno County was suspended, and that the Reno County district court has sole and exclusive jurisdiction of an appeal from the order of suspension, irrespective of the number and location of licenses involved.

The precise question for determination, therefore, narrows down to this:

Under the facts before us does the district court of Shawnee County have jurisdiction of an appeal as it relates to the suspension of the Shawnee County license, or is sole and exclusive jurisdiction lodged in the district court of Reno County to determine the entire matter, including the suspension of the Shawnee County license?

Appellant calls our attention to the fact that 41-320 as it appears in G. S. 1949 contains *no* provision for the suspension of *other* licenses held by a distributor when *one* issued to him is suspended, and that under the law as it then existed there could be no doubt as to the meaning of the appeal statute ( G. S. 1949, 41-323, *supra* ) —that is, the appeal would be taken to the district court of the county *in which* the license is suspended, but that when the legislature in 1953 amended 41-320, by providing for the automatic suspension of *other* licenses held by a licensee it failed to amend the appeal statute so as specifically to provide for an appeal to the district court of *any* county in which a license is suspended by virtue of the amendment to 41-320.

In this connection it is argued that the failure of the legislature at the same time to amend the appeal statute so as to *limit* the right of appeal to the district court of the county *in which the violated license was issued,* means just one thing, and that is, it was the legislative intent that an appeal may be taken in *any* county in which a license is suspended, even though such suspension resulted because of the 1953 amendment to 41-320.

In our opinion appellant's arguments and contentions are without substantial merit and may not be sustained.

Here the alleged violations were by an employee of the business operating under the Reno County license. Because of them *that* license was suspended. By operation of law ( G. S. 1953 Supp. 41-320) the other three licenses held by appellant were automat-

ically suspended. They stand or fall with the Reno County license. If appellant's contentions were to prevail it would naturally follow, as a practical matter, that four different district courts would have jurisdiction to determine questions arising out of the alleged violations of the provisions of the Reno County license, and it is conceivable that four different judgments would result. Such is not the law. Our reasoning is not based upon the fact the Reno County appeal was filed first in point of time, if in fact it was, and neither is it based upon the fact that court assumed jurisdiction of the controversy by granting a stay order as to all four licenses. In a situation such as we have here the only logical interpretation to be placed upon the appeal statute (G. S. 1949, 41-323, *supra*) is that the words

"the district court of the county in which the premises licensed . . . are located"

refer to the district court of *Reno* County.

Our conclusion, therefore, is this:

The district court of Reno County has sole and exclusive jurisdiction of the entire controversy. The district court of Shawnee County is without jurisdiction. Its order dismissing the appeal is therefore affirmed.